Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5907 | **DATE** | August 3, 2012 |
| **CASE TITLE** | Tommy Johnson (#2012-0316200) vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $4.60 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However summonses shall not issue. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint. The Clerk is directed to send Plaintiff an amended complaint form and a copy of this order. Plaintiff's failure to comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.

■[For further details see text below.]                                                                   Docketing to mail notices.

# STATEMENT

     Plaintiff, a pretrial detainee at Cook County Jail has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.60. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

     Plaintiff alleges that on March 16, 2012, he was subjected to excessive force by several Cook County Sheriff Officers following a state court proceeding. It appears that Plaintiff does not know the names of the officers that used the alleged excessive force as he identifies only five, "John Does" as Defendants in the caption of the complaint. Plaintiff's complaint is not dated or signed by Plaintiff.

     Plaintiff must submit an amended complaint because he failed to sign the complaint on file as required by Fed. R. Civ. P. 11(a) (every pleading must be signed by the party if unrepresented by counsel) and because the complaint cannot move forward with only John Doe Defendants.

     The Court further notes that Plaintiff does not identify any of the "John Does" as Defendants in the list of parties on the form complaint; instead, he identifies Sheriff Thomas Dart. It is unclear whether Plaintiff is attempting to include Sheriff Dart as a Defendant because he Sheriff Dart is not identified in the caption as a Defendant and there are no allegations against him in the complaint. However, when a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the

| STATEMENT |
|---|

part of the defendant's immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if Plaintiff wants to pursue his claim but cannot name the officers, he should amend the complaint to add as a Defendant a supervisory official or administrator who is in a position to identify the unknown Defendant (such as the Sheriff Dart). Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (a list of questions) eliciting information regarding the identity of the Defendant who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Defendants' identities, he may ask leave of court to amend his complaint to substitute his/her name in place of the unknown officers. Summonses would then issue for service on the Defendants in interest and the supervisory Defendant will be dismissed.

    In light of Plaintiff's failure to properly sign his pleading and the lack of an actual Defendant, Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint. Plaintiff's failure to fully comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.