# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5907 | **DATE** | August 28, 2012 |
| **CASE TITLE** | Tommy Johnson (#2012-0316200) vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [6] is accepted. The Clerk shall: (1) issue summons as to Sheriff Thomas Dart, (2) attach a Magistrate Judge Consent Form to the summons for Defendant Dart, and (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Tommy Johnson, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was previously allowed to proceed *in forma pauperis* but his complaint was dismissed without prejudice because Plaintiff failed to sign his complaint and he named only unknown, John Doe Defendants. Plaintiff has submitted an amended complaint.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the amended complaint.

Plaintiff alleges that on March 16, 2012, two Cook County Officers used excessive force on Plaintiff after he raised his hand to try to speak with a state court judge. Plaintiff received multiple injuries from the excessive force that required him to be hospitalized.

Plaintiff does not know the identities of the officers that allegedly used the excessive force. Plaintiff names Sheriff Dart as a Defendant for purposes of identifying the unknown Defendants. In this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Here, Plaintiff has named Sheriff Dart who can provide the names of the unknown Defendants once he is served the complaint. Once Plaintiff has obtained service on Sheriff Dart, and an attorney has entered an appearance on his behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the Plaintiff learns the Defendants' identities, he may ask leave to amend the complaint to substitute their names for those of the John/Jane Does. Summonses will then issue for service on the Defendants in interest. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John/Jane Does that were involved in the alleged unconstitutional conduct as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

The United States Marshals Service is appointed to serve Sheriff Dart. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former Cook County employee who can

| STATEMENT |
|---|
| no longer be found at the work address provided by Plaintiff, Cook County shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br>      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |